In the Matter of the CITY OF NEW YORK, Appellant-Respondent, Relative to Acquiring Title to Lands Required for the Widening of Bruckner Expressway from Bronx River to Havemeyer Avenue in the Borough of The Bronx. ONOFRIO R. CIVITANO et al., Respondents-Appellants; HUMBLE OIL and REFINING COMPANY, Respondent.

First Department, November 7, 1974.

*Adrian P. Burke, Corporation Counsel* (*L. Kevin Sheridan* and *Morris Einhorn* of counsel), for appellant-respondent.

*Michael J. Greco* of counsel (*Greco & Gottlieb,* attorneys), for Onofrio R. Civitano and others, respondents-appellants.

*George A. Burrell* for Humble Oil and Refining Company, respondent.

McGivern, P. J.  The fixture award of $10,707.50 to the tenant of the automotive service station, Humble Oil and Refining Company, must be reduced.  The award clearly embraces an award or subsidy for new equipment, including new pumps and mercury vapor flood lights, installed in place of incandescent lighting, approximating some $5,000, which was improperly allowed.

Businesses affected by condemnation are not entitled to subsidies " to finance a new facility ", in replacement of worn out equipment.  (*Rose* v. *State of New York,* 24 N Y 2d 80, 88.)  A condemnor, here the City of New York, " is not required to place a claimant in a better position than he was before the taking "; and the proper rule of damages " limits compensation to either in-place value or removal costs, whichever is less." (*City of Buffalo* v. *Clement Co.,* 28 N Y 2d 241, 259, 261.)  Limiting the fixture award herein to a figure permissible on this record, within the guidelines forged by the Court of Appeals, requires that the fourth separate and partial decree appealed from be modified by reducing the award to claimant Humble Oil and Refining Company to $5,557.  The latter sum represents the valuation by the city's expert of one waste tank in the sum of $400, and the cost of relocating the vent lines to permit the operation of the remaining premises in a lawful manner, which was established as being $5,157.  Since the city concedes that the award to Humble Oil and Refining Company should be at least in the sum of $5,498, an allowance of the aggregate of the items indicated, to wit: $5,557, which excludes compensation for new equipment, may be justified on this record.  (*City of Buffalo* v. *Clement Co., supra*; see *Strong* v. *State of New York,* 38 A D 2d 241.)

The fourth separate and partial final decree should be modified, on the law and on the facts, by reducing the award to

Humble Oil and Refining Company to $5,557, without costs or disbursements.

The awards made to the owners of Damage Parcels 69, 70, P69 and P70, should be affirmed, without costs or disbursements.

Settle order on notice.

KUPFERMAN, J. (dissenting). I dissent both with regard to the affirmance of the award made to the owners of Damage Parcels 69, 70, P69, P70, and the reduction in the award for fixtures to the tenant.

Based on Special Term's approach of capitalization of income, it was error to include an additional structural value of $15,500 for the loss of the third bay, because it duplicates the award and, therefore, the award to the owners should be reduced by that amount. On the other hand, in this situation where the taking had the effect of substantially reducing the utility of the gasoline station involved, requiring substantial changes in the placement of gas pumps and lighting, there is no dispute that the tenant expended in excess of the claimed amount of $17,534. This was due to the fact that one bay of service was taken containing utility conduits, water, electricity and sewer for the entire premises. Further, a pedestrian overpass wall blocked visibility of the service station from Bruckner Boulevard, and an accessible entrance for patronage was lost. The court at Special Term awarded $10,707.50, and this court would reduce that amount roughly one half, being also approximately one third of the actual expenditure. The only objection to the claim for reimbursement is that some of the expenditures were a subsidy to " finance a new facility " citing *Rose* v. *State of New York* (24 N Y 2d 80, 88).

While some portion of the expenditure might not be denominated as simple replacement because of the depreciation factor, all of the expenditures were obviously necessary, and the court at Special Term made a proper adjustment recognizing a portion of replacement of worn-out equipment.

NUNEZ, MURPHY and CAPOZZOLI, JJ., concur with McGIVERN, P. J.; KUPFERMAN, J., dissents in an opinion.

Fourth separate and partial final decree of the Supreme Court, Bronx County, entered on June 29, 1972, modified, on the law and on the facts, without costs and without disbursements, by reducing the award to Humble Oil and Refining Company to $5,557.

The awards made to the owners of Damage Parcels 69, 70, P69 and P70 are affirmed, without costs and without disbursements.

Settle order on notice.